1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ROBINSON, | CASE NO. 07cv2203 WQH (BLM) |
| Plaintiff, | **ORDER** |
| vs. | |
| W. SAMMUEL L. HAMRICK, JR., | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the Complaint (Doc. # 1) and Motion to Proceed In Forma Pauperis (Doc. # 2).

## BACKGROUND

On November 19, 2007, Plaintiff Faustino Robinson, proceeding pro se, filed a Complaint against Defendant W. Sammuel L. Hamrick, Jr. Plaintiff alleges that Defendant, in his capacity as supervisor of employees in the "Federal Court Building," had instructed the employees to "change [Plaintiff's] case in three different times to another floor." *Complaint,* p. 1. Plaintiff alleges that on October 5, 2007, he went to the fourth floor of the Federal Court Building, where he found several of his letters had been opened and "re-closed" with tape. *Id*. Plaintiff alleges that these actions represented "a complot against [him], orchestrated by those judges that are selling [his] complaint and whom are getting something in exchange for closing or dismissing every lawsuit [he] had brought." *Id*. Plaintiff alleges that "the Judge is the person elaborating all those documents," and that he would "like to file a complaint against

1  him for his corrupt and abusive actions." *Id*. Plaintiff alleges that "[the Judge] has unlawfully

2  violated [Plaintiff's] rights." *Id*.

3      Plaintiff alleges that his "claim's worth in five hundred thousand dollars ($500,000)."

4  *Id*.

5      Plaintiff did not pay the $350.00 filing fee required by 28 U.S.C. 1914(a), but instead

6  filed a Motion to Proceed In Forma Pauperis ("IFP").

7  **APPLICABLE LAW**

8      Under 28 U.S.C. section 1915(a), a federal court may authorize a claimant to file suit

9  without paying the corresponding filing fee. In order for the filing fee to be waived, the

10  claimant must submit an affidavit that states the claimant's inability to pay the fee, including

11  a complete list of the claimant's assets. 28 U.S.C. § 1915(a).

12      Under section 1915(e)(2), "the court shall dismiss the case at any time" if the court

13  determines that the action is frivolous or malicious, fails to state a claim on which relief can

14  be granted, or seeks monetary relief against a judgement-proof defendant. 28 U.S.C. §

15  1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). An action

16  is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

17  324 (1989). This definition of frivolousness "embraces not only the inarguable legal

18  conclusion, but also the fanciful factual allegation." *Id*. at 325. "An IFP complaint may not

19  be dismissed, however, simply because the court finds the plaintiff's allegations unlikely."

20  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). An action fails to state a claim where the

21  factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic*

22  *v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

23  Cir. 1998) (holding that the standard for failure to state a claim under 28 U.S.C. 1915(e)(2)(ii)

24  parallels the standard in Rule 12(b)(6) of the Federal Rules of Civil Procedure). Conversely,

25  a complaint may not be dismissed for failure to state a claim where the allegations plausibly

26  show "that the pleader is entitled to relief." *Id*. (citing Rule 8(a)(2)). A pro se complaint may

27  be dismissed for "lack of a cognizable legal theory or absence of sufficient facts alleged under

28  a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

In the Ninth Circuit, the district court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

Complaints filed by pro se litigants are subject to a less stringent standard of review. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)(en banc)). "In civil rights cases where the Plaintiff appears pro se, the court must construe the pleadings liberally and must afford the Plaintiff the benefit of any doubt." *Id.* In such cases, "dismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). In giving a liberal interpretation to a civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## RULING OF THE COURT

Plaintiff filed a declaration in support of the Motion to Proceed IFP, which attests that the last time he took home wages was in 1984 working in a body shop for $7.00 per hour. *Declaration,* p. 2. Plaintiff attests that he has no checking account, no savings/IRA/money-market/CD account, no real estate, stocks, bonds, securities, or other financial instruments. *Id.* at 2-3. Plaintiff attests that he owns no assets or items of value at all. *Id.* at 3. Plaintiff attests that his day-to-day expenses only consist of "food and shelter," which are paid by the Reach-Community Foundation of San Diego. *Id.* Based on Plaintiff's declaration, the Court concludes Plaintiff does not have the financial resources to pay the $350.00 filing fee. The Court will grant Plaintiff's Motion to Proceed IFP.

Plaintiff alleges a "complot against him," which he claims is demonstrated by his letters being opened and resealed. Plaintiff alleges that the "complot" was orchestrated by "those judges" who were "selling [Plaintiff's complaint] and whom [were] getting something in exchange for closing or dismissing every lawsuit [Plaintiff] brought." Plaintiff alleges that

"Mr. Samuel Hamrick Jr." instructed court employees to change Plaintiff's case three different times to "another floor." *Complaint,* p. 1. The Complaint, however, fails to allege how these actions have harmed Plaintiff's legally protected rights, fails to allege a "cognizable legal theory" under which Plaintiff is entitled to relief, and fails to raise the "right to relief above the speculative level."[1]  *See Bell Atlantic*, 127 S. Ct .at 1965; *Balistreri*, 901 F.2d at 699. The Complaint also fails to allege facts supporting the allegation that "judges" are selling his complaints or how Defendant W. Sammuel L. Hamrick, Jr. was part of this conspiracy. The Complaint lacks an arguable basis either in law or fact. *See Nietzke*, 490 U.S. at 324. The Court will dismiss the Complaint with leave to amend because it is factually frivolous and fails to state a claim on which relief may be granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed IFP (Doc. # 2) is **GRANTED**. It is further ordered that the Complaint (Doc. # 1) is **DISMISSED with leave to amend.**  If Plaintiff wishes to amend the Complaint, he must file and serve a First Amended Complaint within sixty (60) days from the date this Order.

DATED: February 22, 2008

**WILLIAM Q. HAYES**
United States District Judge

---

[1] To the extent Plaintiff seeks to state a claim under 42 U.S.C. § 1983, the Court notes that the Complaint fails to allege a state actor violated his federal constitutional rights, as required to state a claim under section 1983. *See* 42 U.S.C. § 1983.